410 So.2d 1065 (1982)
STATE of Louisiana
v.
Alfredo Joseph MACHON, Jr.
No. 81-KA-1374.
Supreme Court of Louisiana.
March 1, 1982.
*1066 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, Jr., Dist. Atty., Robert Brinkman, Asst. Dist. Atty., for plaintiff-appellee.
Dwight O. Reed, Opelousas, John H. Pucheu, Eunice, for defendant-appellant.
PRICE, Justice Ad Hoc.[*]
The defendant was indicted with six counts of passing counterfeit currency with *1067 knowledge that the currency was not genuine, and that the signature of the Secretary of the Treasury of the United States on the bills was a forgery in violation of La.R.S. 14:72. Following conviction by a jury of one of the counts of passing a forged $20 bill defendant was sentenced to serve seven years at hard labor. He has appealed his conviction and sentence relying on seven assignments of error.[1]
The first four counts on which defendant was indicted and tried were based on his allegedly having passed four counterfeit $50 bills at Linzay Downs in St. Landry Parish on September 15, 1979. The fifth count on which he was convicted was based upon his allegedly having issued a counterfeit $20 bill at Richard's Big Burger, a fast food outlet in Opelousas on May 9, 1979.
ASSIGNMENT OF ERROR NO. 1
Pursuant to a motion of defendant's counsel alleging his mental incapacity to stand trial, a sanity commission was appointed and after a hearing the trial court ruled defendant did have the capacity to understand the proceedings against him and to assist in his own defense. The incorrectness of this ruling is urged in assignment of error No. 1.
At the hearing defendant's present counsel and two other attorneys, who previously represented him, testified that defendant was unable to understand the seriousness of the charges against him and was unable to assist them in properly preparing a defense. The two physicians appointed to the sanity commission, one a psychiatrist and the other an internist, testified that from their examination defendant was fully capable of understanding the charge against him and could assist in his defense if he desired to.
Throughout the sanity hearing defendant insisted he was not insane and that this issue was projected by his attorneys over his objection. Defendant is a native of El Salvador who has spent a number of years in the St. Landry Parish area and attended high school in Opelousas. He apparently came from a prominent El Salvadorian family and had held a government office prior to the beginning of civil unrest in that country. He has resided in Opelousas the past several years and is now 41 years of age. Defendant speaks the English language fluently.
According to the testimony of his attorneys and the physicians who examined him, he adheres to a belief that he is the victim of a conspiracy among several city policemen against him. Defendant in his testimony explained he was not offering a defense because it was unnecessary as he was not guilty and had absolute faith that he could not be convicted in the American system under these circumstances. According to his attorneys, defendant's preoccupation with the conspiracy theory has caused him to be unresponsive to their efforts to acquire sufficient information for an adequate defense.
Both physicians, while admitting defendant's alien background and his obsession with the conspiracy theory make it more difficult for defendant to assist in his defense, are of the opinion he has the necessary mental capacity to understand and assist if he desired to.
C.Cr.P. 641 provides:
Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense.
The incapacity must be shown by the defendant by a clear preponderance of the evidence. State v. Veal, 326 So.2d 329 (La. 1976); State v. Flores, 315 So.2d 772 (La. 1975). The trial judge's determination of capacity to stand trial is entitled great weight. State v. Morris, 340 So.2d 195 (La. *1068 1976); State v. Holmes, 393 So.2d 670 (La. 1981).
We agree with the trial court's ruling that the defendant failed to prove his incapacity to stand trial. The defendant's reluctance to furnish information to his attorneys so that they could properly defend him was due to his firm belief in his innocence and his obsession with an alleged conspiracy against him. His uncooperativeness reflects a personality disorder, but does not constitute a mental disease or defect. Also, the testimony of the examining physicians shows that the defendant understood the charges against him.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3
Defendant filed a motion to sever the trial of the five counts of forgery because of the possible prejudice and confusion that would result in the minds of the jury if all five counts were tried together. The trial judge denied the motion and the defendant contends that this is reversible error. The state argues that this issue is moot because of the five counts, count one was dismissed by the state at the close of its case, and the jury found the defendant not guilty of counts two, three, and four.
Joinder of offenses is governed by C.Cr.P. 493 which provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
The article dealing with severance of offenses is set forth below:
Art. 495.1 Severance of offenses
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
The defendant has a heavy burden of proof when he alleges prejudicial joinder. For an appellate court to reverse the trial court's ruling, there must be a clear showing of prejudice. State v. Washington, 386 So.2d 1368 (La.1980).
We held in State v. Carter, 352 So.2d 607 (La.1977) that in deciding whether the joinder of similar offenses necessitates a severance because of possible prejudice to the defendant, the trial court should generally follow the guidelines and safeguards enunciated in State v. Prieur, 277 So.2d 126 (La.1973). This decision was rendered prior to the 1978 amendment to Art. 495.1.[2]
In State v. Washington we held that the principles of Carter still control when the joinder of offenses could have a prejudicial effect on a defendant. We also stated that the 1978 amendment to Art. 495.1 allows the trial courts greater flexibility in deciding whether a severance of offenses is warranted in a particular case.
To prove the crime of forgery, the state must prove an intent to defraud. La. R.S. 14:72. Subject to the guidelines of Prieur, evidence of similar acts is admissible to prove this intent. La.R.S. 15:445.
In the instant case, four of the counterfeit bills were passed in September 1979, while the fifth issuance of the forged bills occurred in May 1979. These bills formed part of the money the defendant purchased on the black market in South America. He told the secret service agents that he did not know this money was counterfeit. *1069 Thus, intent became a crucial issue in this case, and the state properly joined the five separate offenses to prove this intent. Any prejudicial effect the joinder may have had was outweighed by its probative value. Also, the jury's return of not guilty verdicts on counts, two, three, and four suggests that it was not confused by the joinder and was able to compartmentalize the evidence as to each count.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 4
After the reading of the indictment the state moved to amend the first count of the indictment to show that the amount of the forged bill was actually $20 instead of $50. The defendant objected to the amendment and the trial court overruled the objection. The defendant contends the trial court erred in allowing this substantive amendment.
C.Cr.P. 487 provides for the granting of a mistrial whenever a defect of substance in the indictment is discovered after the beginning of trial. However, the insertion in the indictment of an incorrect amount of the forged bill does not constitute a substantive defect. The amount of the forged bill is not one of the elements of the crime of forgery. The defendant has failed to show any prejudice as a result of the trial court's ruling. See State v. O'Quinn, 342 So.2d 202 (La.1977).
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 5 AND 6
By these assignments the defendant contends the trial court erred in permitting the state to introduce defendant's inculpatory statement into evidence because the notice required by C.Cr.P. 768 showed incorrectly the name of the officer taking the statement and where it was given.
The notice given to the defendant prior to trial contained the inculpatory statements by defendant in an interview conducted at the Opelousas Police Department. The notice listed secret service special agent Robert Blossman as the interviewer. However, even though Blossman was present at the interview, secret service special agent Kenneth Vittitow actually conducted the interview at the Opelousas Police Department.
We find that the defendant has failed to show any prejudice by the state's error. The notice contained the entire statement that was to be used by the state, and was sufficient to permit the defendant to adequately present his defense and avoid being surprised. See State v. Qualls, 353 So.2d 978 (La.1978).
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 7
The defendant was sentenced to serve seven years at hard labor. The maximum penalty which could have been imposed for a violation of La.R.S. 14:72 is a $5,000 fine and imprisonment at hard labor for ten years. The defendant contends the sentence is excessive, and that the trial court did not follow the sentencing guidelines provided for in C.Cr.P. 894.1.
Defendant, a 41-year-old male, was born in El Salvador. He completed the 12th grade at Opelousas High School. He is divorced and has two daughters, but has not seen his family since 1978 and does not support them. His last employment was as an oilfield worker in June 1980. Prior to that, the defendant held a high position in the El Salvadorian government. He claims to have owned several companies in El Salvador prior to his leaving that country due to political upheaval there.
In imposing sentence, the trial court noted that the defendant has not had consistent employment while in the United States, and is in destitute circumstances. In the trial court's opinion the defendant began passing counterfeit money as an easy method of raising money. It stated that the defendant had been apprehended by the police on a marijuana charge, and that the defendant associated with known criminals. The trial court further noted that the jury's finding of not guilty on three of the four counts of forgery did not necessarily infer that the defendant had engaged in the passing of counterfeit money on only one occasion. *1070 It assumed the jury believed that the state had proved beyond a preponderance of the evidence the defendant's guilt on the three counts.
Louisiana Constitution, Article 1, Section 20, prohibits the imposition of excessive punishment. In State v. Sepulvado, 367 So.2d 762 (La.1979), we held that a sentence, although within the statutory limit, might violate a defendant's constitutional right against excessive punishment. While a trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed will not be set aside as excessive in the absence of an abuse of that discretion, the trial court does not have unbridled discretion in imposing sentence. See also State v. Tilley, 400 So.2d 1363 (La.1981).
Although the trial judge adequately complied with the sentencing guidelines of C.Cr.P. 894.1, we find that the sentence is excessive. The defendant, a first time offender, was convicted of passing one $20 counterfeit bill. The sentence imposed for this offense was in the upper range of the statutory maximum and included hard labor, although hard labor is not mandated by La.R.S. 14:72. While we find no error in the determination of the trial court that a suspended sentence and probation were not appropriate to rehabilitate the defendant, we find that the sentence of seven years at hard labor for a first offender for passing one counterfeit $20 bill is excessive. In our view the range of a constitutionally permissive sentence under the circumstances here presented would be from the statutory minimum to three years.
Accordingly, the defendant's conviction is affirmed, but the sentence imposed is vacated and set aside, and the case remanded to the trial court for resentencing in accordance with the views expressed herein.
WATSON and MARCUS, JJ., concur in remand for resentencing.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur, although I disagree with the treatment of the severance issue and have reservations about defendant's mental capacity to proceed.
NOTES
[*] Judges O. E. Price of the Court of Appeal, Second Circuit, John C. Boutall, Court of Appeal, Fourth Circuit, and Fred W. Jones, Jr., Court of Appeal, Second Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr., James L. Dennis, and Jack C. Watson.
[1] Counsel for defendant concedes in brief that there is no basis in law for assignment of error No. 2, and it has therefore been abandoned.
[2] Prior to this amendment, Art. 495.1 provided in Part:

The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever:
(a) if before trial, it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; ...