SEXTON, Judge.
The defendant in these consolidated cases appeals his sentence of 4 years at hard labor on each of 12 counts of forgery, all sentences to run concurrently with each other. The defendant was charged in the earlier numbered case with 9 counts of forgery and was charged with 3 counts in the other case. We affirm.
The sentences were imposed on July 28, 1982, subsequent to a presentence investigation and at the conclusion of a sentencing hearing. The trial judge filed written reasons for the sentence which had been prepared prior to the hearing. He stated at the time of sentencing that he had “considered this matter carefully and [had] also listened very carefully to the testimony this morning, none of which the court considered] a basis for variance with a conclusion that it had already arrived at.”
The defendant originally perfected two assignments of error in the trial court. Assignment of error number one complained of lack of reasons for sentence per LSA-C. Cr.P. Art. 894.1. Assignment of error number two complained of the excessiveness of the sentence. The defendant does not argue assignment number one before us and it is therefore considered abandoned. Furthermore, it is clear that the trial judge in written reasons for judgment adequately complied with Article 894.1.
The defendant was involved with two other individuals in passing 12 checks total-ling approximately $700 over a six week period from August to September of 1981. The checks were stolen by a co-defendant from his employer and the defendant and the other co-defendants were involved together in writing and cashing these checks.
*445 The trial judge noted, in written reasons for sentencing, that the defendant was then 19 years old, was unmarried, and had no children. He quit school after the 9th grade, and had been suspended on “numerous occasions for behavioral problems.” The judge noted that no restitution had been made on any of the checks and that the defendant had shown no remorse for his wrongdoing.
The trial judge also noted that the defendant had received a probated sentence at age 16 as a juvenile offender for check forgeries involving approximately $160. The defendant had made successful restitution for these checks during the period of probation. The defendant was released from juvenile probation sometime in the fall of 1980.
The sentencing hearing consisted of the testimony of the defendant’s juvenile probation officer and the defendant. The probation officer testified that the defendant had served a satisfactory period of probation and had made full restitution of the amount involved in the juvenile offense. He testified that the probation was completed satisfactorily. He stated that the defendant had received strong support from his family and that they “forced him to acknowledge the wrongness of what he had done.” The defendant testified as to his family situation, that he had been employed at the time of his arrest for these offenses, that he was shortly released on bail and was employed for approximately 4 of the 6 months between arrest and pleading guilty.
At the conclusion of the sentencing hearing, the trial judge specifically noted that he was not influenced by the hearing to change his previously determined sentence for the defendant, which was reflected by the written reasons for sentence filed at that time. Indeed, there was no new information revealed, nor was any information brought out which was at variance with that already known to the trial judge. It is sufficient that the trial judge considered the content of the hearing and compared it to the information previously available to the court. As the trial judge noted, the defendant had obviously not been reformed by his previous probationary status. He had been off probation for the same type offense for less than a year when he was involved in a common scheme with others involving a greater number of checks and a larger sum of money. While he had been working for a substantial period of time after this offense, he had made no efforts to make restitution. We agree with the trial judge that the defendant is in need of custodial care. Under the circumstances here presented, the concurrent sentences of 4 years at hard labor are well within the trial court’s discretion. See State v. Machon, 410 So.2d 1065 (La.1982).
The sentence appealed from is affirmed.
AFFIRMED.