LINDSAY, Judge.
The defendant, Charles Gray, appeals his convictions and sentences for two counts of aggravated rape, violations of LSA-R.S. 14:42, and two counts of aggravated crime against nature, violations of LSA-R.S. 14:89. These offenses arose from two separate incidents involving two different victims. For the following reasons, we affirm in part, vacate in part, enter responsive verdicts and remand for resentencing.
*663 FACTS
As to counts one and two of the indictment, the defendant was charged with aggravated rape and aggravated crime against nature, respectively. The record reveals that on March 18, 1987, between 8:00 and 8:30 p.m., Ms. L.J., the young female victim of the first alleged offenses, was walking to her home in Monroe, Louisiana. A friend stopped to offer her a ride, which she declined. While talking with her friend, the victim observed a man, later identified as the defendant, dressed in a white jogging suit, standing under a street light on a nearby street corner. After the friend departed, the defendant approached the victim, grabbed her and forced her into a vacant house a short distance away. When the victim began to cry, the defendant told her that if she was not quiet he would “do something” to her.
The defendant attempted unsuccessfully to rape the victim. He then forced her to perform oral sex upon him. The defendant then raped the victim before setting her free.
The next day, the victim told her friend about the attack. The friend had also seen the man in the white jogging suit on the corner and identified him as the defendant, Charles Gray. The victim then contacted the Monroe Police Department and reported the crime.
As to counts three and four of the indictment, the defendant was also charged with aggravated rape and aggravated crime against nature, respectively. The evidence shows that on April 7, 1987, the defendant was at his grandmother’s home in Monroe, where he lived with his grandmother and his aunt. His brother’s stepdaughter, Ms. V.Y., then five months pregnant, was at the house washing clothes. Ms. V.Y., the victim of these latter offenses, testified that the defendant came into a bedroom where she was combing her hair. The victim testified that the defendant’s eyes were glassy and “he didn’t act like himself.” The defendant prevented the victim from leaving the room, forced her onto a bed and began making sexual advances. Ms. V.Y. testified that although she resisted to the maximum extent possible, the defendant overpowered her. The defendant removed the victim’s underpants and, during the course of the attack, the defendant performed oral sex upon the victim, his tongue coming into contact with her vagina. The victim testified that she resisted and screamed, trying to attract the attention of the defendant’s aunt who was in the house, but who had poor hearing and poor eyesight. When the victim told the defendant she had to take some medicine, he let her get up. At that point, she attempted to leave the house, but she was prevented from doing so by the defendant. The defendant then armed himself with a knife, forced the victim onto a table in the kitchen, and, at knife-point, raped her. The defendant was interrupted when a child, who was staying at the house, entered the kitchen. The victim then fled to the nearby home of a relative and called her mother. The victim’s mother came to her daughter’s aid and found her crying and upset. The. victim told her mother that the defendant had raped her.
On March 1, 1988, the defendant was charged by grand jury indictment with two counts of aggravated rape and two counts of aggravated crime against nature. The defendant was tried by jury and found guilty as charged on all counts.[1] On March 23, 1989, sentence was imposed. On each count of aggravated rape, the defendant was sentenced to serve mandatory life sentences at hard labor, without benefit of parole, probation or suspension of sentence. The life sentences for the two counts of aggravated rape were ordered to be served concurrently.
On each count of aggravated crime against nature, the defendant was sentenced to serve ten years at hard labor. The court ordered these sentences to be served consecutively to the sentences for *664 aggravated rape.[2]
The defendant has appealed his convictions and sentences. The defendant contends that the trial court erred in denying his motion to sever the offenses dealing with the two separate victims. The defendant also claims there was insufficient evidence upon which to base his convictions and, particularly, there was insufficient evidence to support the aggravated nature of the offenses charged.
SEVERANCE
The defendant first alleges the trial court erred in failing to grant his motion to sever the counts of aggravated rape and aggravated crime against nature relating to the first victim from the two counts relating to the second victim. The defendant argues that the two separate incidents giving rise to the charges against him were not at all similar or related and that the cumulation of charges in one indictment created an inference of guilt, making the jury hostile to him. Therefore, he claims to have suffered substantial prejudice due to joinder of the offenses. This argument is meritless. Two or more offenses may be joined in the same indictment in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, if the offenses joined are triable by the same mode of trial. LSA-C.Cr.P. Art. 493; State v. Baker, 535 So.2d 861 (La.App. 2d Cir.1988).
In the present case, the offenses charged, two counts of aggravated rape and two counts of aggravated crime against nature, are of the same or similar character. The punishment for each offense is necessarily confinement at hard labor. LSA-R.S. 14:42 and 14:89.1. The mode of trial, a jury composed of twelve jurors, ten of whom must concur to render a verdict, is the same. LSA-C.Cr.P. Art. 782. Therefore, the offenses in this case were properly joined in the same bill of information. State v. Celestine, 452 So.2d 676 (La.1984); State v. Baker, supra.
An accused, charged in the same indictment or information with two or more offenses, pursuant to LSA-C.Cr.P. Art. 493, may apply for severance of the offenses under LSA-C.Cr.P. Art. 495.1, which provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses or provide whatever relief justice requires.
Motions to sever, made under LSA-C. Cr.P. Art. 495.1, are addressed to the sound discretion of the trial court and the trial court’s ruling should not be disturbed on appeal absent a showing of abuse of discretion. State v. Celestine, supra; State v. Williams, 418 So.2d 562 (La.1982). The defendant has a heavy burden of proof when he alleges prejudicial joinder. State v. Machon, 410 So.2d 1065 (La.1982).
In determining whether prejudice may result from a joinder of offenses, the trial court should consider whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant would be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. State v. Washington, 386 So.2d 1368 (La.1980).
In State v. Carter, 352 So.2d 607 (La.1977), the Supreme Court held that under LSA-C.Cr.P. Art. 495.1, as it read prior *665 to the 1978 amendment, severance would normally be required when the offenses were joined solely because they were of the same or similar character, unless evidence of each offense would have been respectively admissible at the separate trial of the other. In State v. Washington, supra, the court stated that even after the amendment to LSA-C.Cr.P. Art. 495.1, the rule in Carter, remained a viable criterion for judging when a strong possibility of prejudice exists.
However, in State v. Celestine, supra, the Louisiana Supreme Court held that severance is not mandated simply because the offenses would not be admissible at separate trials, provided the defendant is not prejudiced by the joinder. The court stated that a severance need not be granted if the prejudice could effectively be avoided by other safeguards.
No prejudicial effect occurs where the evidence as to each offense is simple and distinct, even though such evidence might not have been admissible in separate trials of the offenses. With proper jury charging, the jury can easily keep the evidence in each offense separate in its deliberations. State v. Celestine, supra.
In cases of joinder, the jury should be informed and understand that the defendant is charged with separate offenses requiring separate verdicts as to each offense and that the evidence, of one offense is not to be considered as evidence of the other offenses. State v. Celestine, supra.
In the present case, the jury was instructed as follows:
Now, the court will hand you a separate form for each of the four counts involved in this trial. Ten out of twelve of you must concur in each count in order to render any verdict and that verdict must and can only be one of those listed on the forms. Remember that a separate verdict is required for each count and the court has supplied you with a form for each count.
The jury was also instructed that “evidence of one offense charged is not to be considered as evidence of any other offense. The accused is not to be found guilty of one offense merely because he may have committed another offense.”
In this case, the counts against the defendant were simple and straightforward. There is little likelihood that the jury was confused by these charges. The evidence against the defendant as to each of the charges was not complex and was presented in an orderly fashion, allowing the jury to easily segregate the charges and the evidence. There is no showing that the combining of the charges against the defendant into a single indictment in any way prevented the defendant from presenting his defenses to the charges against him.
The defendant argues that the cumulation of the charges and the nature of the charges made the jury hostile toward him. The record shows that, even though the defendant was charged with four serious crimes, each was separate and distinct and the record does not show that the jury was made hostile by the joinder of these offenses for trial.
However, as will be discussed below, we have determined that the convictions as to counts one and two must be vacated for insufficient evidence and responsive verdicts entered for forcible rape and crime against nature. Nevertheless, we are not persuaded that the joinder of the offenses prejudiced the defendant by causing the jury to enter erroneous verdicts.
Under the facts of this case, the defendant has failed to show that he was prejudiced by the joinder of the four offenses with which he was charged. Therefore, the denial of the defendant's motion to sever was fully within the discretion of the trial court and does not require reversal on appeal.
SUFFICIENCY OF EVIDENCE
The defendant claims that there was insufficient evidence upon which to base his convictions. He also contends the evidence did not support the aggravated nature of any of the crimes of which he was convicted.
To determine whether sufficient evidence was presented at trial to support a convic *666 tion, the reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984).
LSA-R.S. 14:42 defines, in pertinent part, the crime of aggravated rape, as follows:
A. Aggravated rape is a rape [the act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the offender, committed without the person’s lawful consent] committed when the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.[3]
Crime against nature is defined, in pertinent part, in LSA-R.S. 14:89, as the unnatural carnal copulation by a human being with another of the same sex or opposite sex. The use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
Aggravated crime against nature is defined in LSA-R.S. 14:89.1. That statute provides that aggravated crime against nature is crime against nature committed when either the victim resists the act to the utmost, but such resistance is overcome by force, or when the victim is prevented from resisting the act by threats of great and immediate bodily harm accompanied by the apparent power of execution, or when the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.[4]
With regard to the offenses committed upon Ms. L.J., under counts one and two of the indictment, we find that, while the evidence was sufficient to establish the responsive and included crimes of forcible rape and crime against nature, the evidence does not support convictions of aggravated rape and aggravated crime against nature.
The record shows that the defendant first attempted unsuccessfully to rape the victim. He then required the victim to perform oral sex upon him. Thereafter, he raped the victim. Medical evidence corroborated the victim’s testimony that she had, in fact, been raped. Further, she positively identified the defendant in a photographic lineup and in court as the person who accosted her on the street and drug her into a vacant house.
The victim stated that the defendant told her to be quiet or he would either hurt her or make her cry. However, the victim could not remember which statement was made. No specific threat of great bodily harm was ever made. The victim testified that when the defendant removed his trousers and placed them on the floor, she heard a metallic sound which she thought was a weapon. However, she stated that she never saw a weapon, the defendant never threatened her with a weapon, nor did he tell her that he had a weapon.
The victim stated that she was very frightened and did what the defendant told her to do. Nevertheless, there was no evidence that the victim resisted the defendant. There was also insufficient evidence to show that the victim was prevented from *667 resisting by threats of “great and immediate bodily harm” accompanied by the apparent power of execution. There was no proof that a weapon was used by the defendant.
Although the evidence shows that the defendant forced the victim to submit, the aggravating circumstances required by LSA-R.S. 14:89.1 and LSA-R.S. 14:42 are not present. Rather, the record shows that the acts were committed by the defendant without the lawful consent of the victim under the circumstances outlined for the offenses of crime against nature under LSA-R.S. 14:89 and forcible rape under LSA-R.S. 14:42.1.
Under LSA-R.S. 14:42.1, forcible rape is defined as a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape. The evidence shows that the defendant is guilty of this offense.
The definition of crime against nature is set forth above and constitutes the commission of that offense without the presence of the aggravating conditions set forth in LSA-R.S. 14:89.1. The testimony of the victim clearly shows that crime against nature occurred during the course of the commission of the attack. The record supports a finding that the defendant is guilty of crime against nature. However, the record does not show that aggravating circumstances required by LSA-R.S. 14:89.1 were proved.
Although we find a lack of evidence to support the convictions for aggravated rape and aggravated crime against nature under counts one and two of the indictment, we need not grant a judgment of acquittal. If an appellate court finds that the evidence, viewed in the light most favorable to the state, supports a conviction of a lesser included responsive offense, the court may, in lieu of granting a post judgment verdict of acquittal, or remanding for a new trial, modify the verdict and render a judgment of conviction on the lesser included responsive offense. LSA-C.Cr.P. Art. 821(E); State v. Byrd, 385 So.2d 248 (La.1980).
Therefore, we vacate the defendant’s convictions for aggravated rape and aggravated crime against nature as to the first victim, under counts one and two of the indictment, and enter convictions for the responsive offenses of forcible rape and crime against nature and remand the case for reséntencing for these crimes.
With regard to the offenses committed upon Ms. V.Y., under counts three and four of the indictment, we find sufficient evidence to support the defendant’s convictions. Ms. V.Y. testified that she was sexually attacked by the defendant, whom she knew and identified, who committed aggravated crime against nature upon her. The victim also testified that when first attacked by the defendant, she struggled with him in an attempt to free herself. She yelled in order to attract the attention of others in the house, but her resistance was overwhelmed by the superior strength of the defendant. Also, the victim was five months pregnant at the time of the attack. The victim further testified that during the commission of the subsequent rape, the defendant was armed with a knife and threatened her with great and immediate bodily harm. The victim’s testimony was partially corroborated by her mother who stated that shortly following the commission of these offenses, the victim was crying and upset. Based upon the record, there was sufficient evidence from which a rational trier of fact could have found the defendant guilty of the commission of aggravated rape and aggravated crime against nature upon Ms. V.Y.
Therefore, the record shows there was sufficient evidence upon which to base the defendant’s convictions under counts one and two of the indictment for forcible rape and crime against nature. Under counts three and four of the indictment, the record supports the defendant’s convictions for aggravated rape and aggravated crime against nature.
*668 ADDITIONAL ASSIGNMENTS OF ERROR
The defendant is represented by counsel on appeal. Counsel has filed assignments of error on the defendant’s behalf and argued them in brief. On February 27, 1989, while the present appeal was pending before this court, the defendant filed his own assignments of error. Those assignments of error have not been briefed. Therefore, they are considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974).
WRIT APPLICATION
On February 27, 1989, the defendant also filed a motion in the trial court seeking to obtain various documents and a transcript of his earlier trial which ended in a mistrial. He also sought a transcript of the present trial. On March 7, 1989, the trial court entered an order denying the motion for production of transcripts and documents. On July 29, 1989, the defendant filed a writ application alleging error in the denial of his motion for production of transcripts.
In his writ application to this court, the defendant seeks production of the initial police report, the initial hospital and lab reports on the victims, the transcript of the previous trial, the transcript of the present trial and all motions filed in connection with the case. The defendant alleges production of these documents is necessary to show inconsistent statements made by various witnesses for the state. However, the defendant does not set forth the substance of these alleged inconsistencies. Based upon these allegations, the defendant has failed to show a colorable need for the items requested. Therefore, his writ application is denied.
CONCLUSION
For the reasons stated above, the convictions and sentences of the defendant, Charles Gray, as to counts one and two of the indictment, charging him with aggravated rape and aggravated crime against nature, are vacated. We enter responsive verdicts of guilty of forcible rape and crime against nature and remand for resentenc-ing on those charges.
As to counts three and four, charging the defendant with aggravated rape and aggravated crime against nature, we affirm the convictions and sentences.
AFFIRMED IN PART; VACATED IN PART; RESPONSIVE VERDICTS ENTERED; REMANDED FOR RESEN-TENCING.

. The defendant was previously tried on these charges in August, 1988. In that trial, the jury was unable to reach a verdict on any of the four counts and a mistrial was declared.

. The trial court did not specify whether the sentences for aggravated crime against nature were to be served consecutively or concurrently with each other. However, under LSA-C.Cr.P. Art. 883, convictions for two or more offenses not constituting parts of a common scheme or plan nor based upon the same act or transaction, as in the present case, are presumed to be served consecutively unless otherwise specified by the court.

. The remaining two conditions constituting aggravated rape, where the victim is under the age of twelve and where two or more offenders participate in the act, has no application in the present case.

. Aggravating conditions also include idiocy, imbecility, or unsoundness of mind, temporary or permanent, rendering the victim unable to resist, or inability to resist due to stupor or abnormal condition of the mind produced by narcotic or anesthetic agent, or where the victim is under seventeen and the offender is at least three years older than the victim. These conditions are not pertinent to our present inquiry.