J^DREW, J.
A petit jury found defendant James Jackson, charged with the attempted second degree murder of Cameron Brown, guilty of the lesser and included offense of aggravated battery. The district court imposed the maximum sentence of 10 years at hard labor and denied defendant’s motion for reconsideration of sentence. In this out-of-time appeal, we find no merit to defendant’s sole assignment of error that his sentence is excessive. We affirm.
In August 1998, after an earlier verbal disagreement between Brown and a group that included Jackson, the defendant and Brown became engaged in a verbal altercation. Jackson pulled a pistol and shot the Brown in the face. At trial, Jackson claimed Brown had made a move as if to pull a weapon from his back pocket, which prompted Jackson to shoot in self-defense.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. Our examination of the record discloses that the trial court’s articulation of reasons for sentence adequately complied with the requirements of article 894.1.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 |2(La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence *299 as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence, the district court reviewed a PSI report. The court noted that defendant was a first felony offender. He attended high school through the tenth grade. His high school transcript reflected very poor grades, except for A’s in basketball; notably, Jackson failed all his last semester courses with the exception of basketball. The court found that correctional treatment was required and that a lesser sentence would deprecate the seriousness of the offense. The court, having heard the trial testimony, concluded that defendant had shot an unarmed young man at point blank range while accompanied by friends who also were armed. The court considered Brown to be unarmed because while it recognized Brown had an icepick, the court was not convinced that Brown ever displayed this icepick. This was a crime of violence with a clear intent to cause harm or death. There was no provocation sufficient to justify the shooting. In mitigation, the court noted that defendant had no prior record, a limited education and that he had been raised amid “limiting life circumstances.” However, the injury suffered by the victim was substantial and had resulted in medical bills of approximately $23,000. Having considered the trial evidence, the court said it would have found defendant guilty of attempted manslaughter at least and | ¡¡concluded that defendant already had won a great victory at trial through the return of a lesser verdict.
On this record, we do not find constitutional error. Defendant, age 18 and having a tenth grade education at the time of the offense, without justification shot a man whose only “weapon” was an icepick [or a filed down screwdriver] in his back pocket. The argument stemmed from a gang-like turf dispute. The bullet did considerable damage. Defendant’s action caused substantial and long-lasting physical trauma to the victim, who cannot open his mouth fully and suffers from a constant minor headache. The offense for which defendant was convicted does not adequately describe defendant’s criminal conduct. The sentence imposed is lawful. It is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. There is no showing of a manifest abuse of the district court’s broad discretion. Therefore, the sentence is not constitutionally excessive. The assigned error is without merit.
We have examined the record for error patent and note that the trial court informed defendant that the prescriptive period for post-conviction relief is “three years.” Although that advice was correct at the time, the prescriptive period now is two years. La. C. Cr. P. art. 930.8. We direct the district court to send appropriate written notice to defendant within 30 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of the proceedings. State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).
DECREE
The convictions and sentences are AFFIRMED.