489 So.2d 1055 (1986)
STATE of Louisiana
v.
Leslie LEWIS.
No. KA 85 1468.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
*1056 Steven Laiche, Asst. Atty. Gen., New Orleans, for State.
Glynn Voisin, Indigent Defenders Office, Houma, for Leslie Lewis.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Leslie Lewis (defendant) was charged by separate bills of information with the aggravated burglary, of two separate residences, in violation of LSA-R.S. 14:60. Lewis pled not guilty and elected trial by jury of the two offenses, consolidated for trial. The jury returned a responsive verdict of guilty of simple burglary of a residence belonging to Carl Donaldson, but found defendant not guilty of the other charge. The state filed a multiple offender bill, and after a hearing, the defendant was determined to be a second felony offender. Thereafter, defendant was sentenced to sixteen years at hard labor. He has appealed, alleging six assignments of error, as follows:
1. The trial court erred in allowing the state to introduce the photographic lineup into evidence.
2. The trial court erred in finding probable cause at the preliminary examination.
3. The trial court erred by not allowing a severance by the defense.
4. The jury verdict was contrary to the law and the evidence.
5. The multiple billing process was illegal.
6. The trial court erred in imposing an excessive sentence.
The following facts are derived from the trial testimony of several state witnesses. On the evening of January 7, 1984, Mrs. Carl Donaldson and her daughter, Nicky, left their residence located at 3209 Camellia Avenue, in Houma, Louisiana. When they *1057 returned home approximately one hour later, they noticed that every light inside the house was turned on. Nicky specifically remembered that, before they left, every light inside the house was turned off and all the doors were locked. As Mrs. Donaldson approached the door, a man came running out of the house, bumping into the door as he ran past her. The man ran out into the yard and down the street. Since he passed within four feet of both Mrs. Donaldson and her daughter, they were able to get a very good look at the defendant. The lights inside the house, the front porch light, and the street light enabled them to see the defendant clearly.
When the police arrived at the Donaldson residence, they found five shotguns and a microwave oven in the backyard. Their investigation determined that the burglar had gained entry by breaking the glass in the storm door. Nicky Donaldson described the burglar as a tall, well built black male, with big lips and short hair. She told the police officers that he was wearing white tennis shoes, blue jeans and a jacket.
Based on this description, Detective Freddie Williams compiled a photographic lineup of six black males, including the defendant. Three days after the burglary, this lineup was shown to Mrs. Donaldson and her daughter by Detective Ben Ledell. Detective Ledell testified that both women picked photograph number four, which was a picture of the defendant. Based on these identifications, the defendant was later arrested.
ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, defendant argues that the trial court erred in denying his motion to suppress and allowing the photographic lineup to be introduced into evidence.
Before trial, the trial court conducted a hearing on the defendant's motion for preliminary examination and motion to suppress. These motions were combined because they both dealt primarily with the photographic lineup. Defendant argued that the photographic lineup should be suppressed because it was unduly suggestive. He also argued that there was no probable cause to hold him based solely upon the fact that his picture was selected from a photographic lineup by Mrs. Donaldson and her daughter. The trial court found probable cause to hold the defendant and denied the defendant's motion to suppress the photographic lineup.
A defendant attempting to suppress an identification must prove both that the identification itself was suggestive and that there was a likelihood of misidentification as a result of the identification procedure. State v. Chaney, 423 So.2d 1092 (La.1982). The pictures used in a photo array should not display the defendant so singularly that the witness' attention is unduly focused upon the defendant. State v. Guillot, 353 So.2d 1005 (La.1977). A strict identity of characteristics is not required; rather, a sufficient resemblance to reasonably test the identification is necessary. This determination is made by examining articulable features of the pictures or persons used: height, weight, build; hair color, length and texture; facial hair; skin color and complexion; and the shape and size of the nose, eyes, lips, etc.
In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the U.S. Supreme Court considered these five factors in determining whether a photographic identification was reliable:
(1) the witness' opportunity to view the defendant at the time the crime was committed;
(2) the degree of attention paid by the witness during the commission of the crime;
(3) the accuracy of any prior description;
(4) the level of the witness' certainty displayed at the time of identification; and
(5) the length of time elapsed between the crime and the identification.
Even should the identification be considered suggestive, this alone does not indicate a violation of the defendant's right to due process. It is the likelihood of misidentification *1058 which violates due process, not merely the suggestive identification procedure. State v. Guillot, supra.
Applying the Manson analysis to the facts of the instant case, we find that the identification of the defendant by Mrs. Donaldson and her daughter was reliable. Mrs. Donaldson and her daughter had a very good opportunity to view the defendant as he ran past them. The lights inside the house, the front porch light, and the street light enabled them to clearly see the defendant. Nicky Donaldson obviously paid close attention to the defendant as he ran past her, since she was able to give an accurate physical description as well as a description of the defendant's clothes. Although Mrs. Donaldson was not completely positive that photo number four (the defendant) was the man who had burglarized her home, Nicky Donaldson positively identified photo number four as being the perpetrator of this offense. Finally, the identifications were made only three days after the commission of the offense.
Furthermore, the identification procedure did not produce the likelihood of misidentification, because Mrs. Donaldson and her daughter viewed the photo lineup separately. Detective Ledell testified that he did not suggest which photo Mrs. Donaldson and her daughter should pick, nor did he say anything to them while they were viewing the photo lineup.
After examining the photo array, we have determined that there is no undue suggestion. See Guillot, supra. The photo lineup contains pictures of six black males. All of them have short, dark hair, and large lips. They are all dressed casually and appear to be of a similar height, build, and age group. Considering the above, we find that the identification procedure did not produce the likelihood of misidentification. See State v. Prudholm, 446 So.2d 729, 738 (La.1984). Therefore, we conclude that the trial court did not err in denying defendant's motion to suppress the photographic lineup.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant contends that the preliminary examination revealed no probable cause to hold him for trial.
At the preliminary examination, the prosecution's evidence of probable cause was based on the fact that Mrs. Donaldson and her daughter both identified the defendant's picture in a photographic lineup. Defendant argues that, since the photo lineup was unfairly suggestive, and since the victims never picked the defendant out of a live lineup, there was no probable cause to hold him for trial.
The defendant was tried by a jury and convicted of this offense. Therefore, the question of probable cause at the preliminary examination is moot. State v. Hampton, 384 So.2d 340 (La.1980).
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER THREE:
In this assignment of error, defendant contends that the trial court erred in denying his motion to sever.
In bill of information number 141,852, the defendant was charged with aggravated burglary of a residence belonging to Melvina Williams. In bill of information number 141,853, the defendant was charged with aggravated burglary of a residence belonging to Carl Donaldson. These two cases were consolidated for trial. Prior to trial, the trial court denied defendant's motion to sever. Defendant argues that he was prejudiced by the improper joinder of these two offenses since they had nothing in common with each other.
The instant situation did not involve "joinder" because there were two separate bills of information; joinder involves one bill of information, with two or more separate counts. See LSA-C.Cr.P. arts. 490, 493. Instead, this situation involved consolidation, i.e., allowing two or more separate *1059 offenses (charged under separate bills of information) to be "consolidated" for the same trial.
LSA-C.Cr.P. art. 706 provides:
Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment.
From the above statutory provision, we note that consolidation of two or more offenses can only take place with the consent of the defendant (or all of the defendants, if there are more than one). Clearly, the defendant did not consent to the consolidation of these two offenses, as evidenced by his motion to sever.
Although the defendant's argument in brief is erroneously based on improper joinder rather than improper consolidation, we will nevertheless consider his argument, since the effect of an improper joinder would be the same as the effect of an improper consolidation, i.e., unfair prejudice to the defendant.
Although the record does not indicate whether these cases were consolidated by the prosecution, or by the trial court on its own motion, it is obvious that the two offenses were improperly consolidated, since the defendant alone can move for consolidation. LSA-C.Cr.P. art. 706. However, under the particular facts and circumstances of this case, we hold that the trial court's error in failing to grant defendant's motion to sever was harmless. Although the defendant argues that he was prejudiced by the improper consolidation of these two offenses, he does not specify the manner in which he was prejudiced.
In State v. Williams, 418 So.2d 562, 564 (La.1982), the Louisiana Supreme Court stated:
Considerations for the trial court in determining whether prejudice may result from joinder include, ... whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.
Applying by analogy these joinder considerations enunciated by the Louisiana Supreme Court, we conclude that defendant was not prejudiced by the improper consolidation of these two offenses. The prosecution's evidence in both of these cases was very simple. In bill of information number 141,852, the primary prosecution witness was Melvina Williams, who testified that she was able to identify the defendant as being the man who forced his way into her home and attacked her. In bill of information number 141,852, the primary prosecution witnesses were Mrs. Donaldson and her daughter, Nicky, who testified that they were able to identify the defendant's picture in a photo lineup because they got a good view of him as he fled after burglarizing their residence. The defendant does not argue that he was confounded in presenting his defenses or that the jury was confused in any way. The record reflects that the trial court informed the jury that they would have to return a verdict as to each of the two offenses; and, in fact, two separate verdict sheets were used. Also, the return of a not guilty verdict in bill of information number 141,852 suggests that the jury was not confused by the consolidation and was able to compartmentalize the evidence as to each offense. See State v. Machon, 410 So.2d 1065, 1069 (La. 1982).
For these reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FOUR:
In this assignment of error, defendant contends that the jury verdict was contrary *1060 to the law and the evidence. Focusing on the issue of identity, defendant argues that the only evidence against him was the testimony of Mrs. Carl Donaldson and her daughter and that this evidence was unreliable. He argues that their in-court identification of him was tainted by their previous viewing of the suggestive photographic lineup and, therefore, their identification of him as being the perpetrator of the offense was suspect.
The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See LSA-C. Cr.P. art. 821; State v. Buchanan, 439 So.2d 576 (La.App. 1st Cir.1983). We note that in order to challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. LSA-C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed in a formal assignment of error.
The defendant was originally charged with aggravated burglary. However, the jury returned a responsive verdict of simple burglary. LSA-R.S. 14:62 provides:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.
In addressing a previous assignment of error, we held that the photographic lineup was not suggestive, and, therefore, that the subsequent identification of the defendant at trial by Mrs. Donaldson and her daughter was not tainted by their viewing the photo lineup. As previously noted, both Mrs. Donaldson and her daughter were able to get a very good view of the defendant as he fled from their house. The evidence in this case clearly supports the following elements: (1) defendant gained entry to the Donaldson home by breaking through a storm door; (2) defendant entered their home with the intent to commit a felony therein (as indicated by the firearms and the microwave which had been removed from the house); and (3) the Donaldsons clearly identified defendant as being the man who burglarized their home.
In this case, Mrs. Donaldson and her daughter testified that they positively identified the defendant as being the perpetrator of this offense. The defendant took the stand in his own defense. While he did not provide an alibi, he did deny any involvement in this offense. The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Williams, 452 So.2d 234 (La.App. 1st Cir.1984), writ not considered, 456 So.2d 161 (La. 1984), reconsideration not considered, 458 So.2d 471 (La.1984).
In this case, the witnesses testified and the jury made its decision. When there is conflicting testimony as to a factual matter, the question of credibility of witnesses is within the sound discretion of the trier of fact. State v. Jacobs, 435 So.2d 1014 (La. App. 1st Cir.1983). Furthermore, an appellate court will not reweigh the credibility of witnesses under the Jackson v. Virginia standard.[1]State v. Jacobs, supra. We believe that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the state proved the essential elements of the crime of simple burglary beyond a reasonable doubt.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER FIVE:
In this assignment of error, defendant contends that the multiple billing process *1061 was illegal by virtue of lack of his identification as a prior felony offender. Specifically, he objects to the fact that Detective Bill Null was qualified as an expert in the area of fingerprint identification, although he had never before been qualified as an expert in that area.
LSA-R.S. 15:466 provides:
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
The acceptance of a witness as an expert is a matter entrusted to the discretion of the trial court. His ruling will not be overturned on appeal absent an abuse of discretion. State v. Michel, 422 So.2d 1115 (La. 1982).
Detective Null testified that he had been employed by the Houma Police Department for approximately fifteen years. He had attended college at Nichols State for one year. Detective Null testified that he had undergone training at the Federal Bureau of Investigation National Academy in Quantico, Virginia, where he attended two courses in fingerprint classification and comparison. He had also attended a one hundred twenty hour course in advanced fingerprint comparisons. Detective Null testified that he had made at least ten thousand fingerprint comparisons in the last five or six years while working with the Houma Police Department. Considering these qualifications, we find no abuse of the trial court's great discretion in this area.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NUMBER SIX:
In this assignment of error, defendant contends that the trial court erred in imposing an excessive sentence.
Code of Criminal Procedure art. 894.1 sets forth items which must be considered by the trial court before passing sentence. The trial court need not recite the entire checklist set forth in article 894.1, but the record must reflect that he adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). In light of the criteria expressed by article 894.1, a review of the individual sentence should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979). The sentencing record reflects that the trial court found some aggravating circumstances. Since defendant was adjudged a multiple offender, he was not eligible for probation. Referring to defendant's criminal record, the trial court concluded that there was a risk that defendant would commit other crimes. The trial court also stated that the defendant was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of the instant offense. When the trial court recites some of the 894.1 factors, such as the defendant's lengthy criminal record or the risk that the defendant would commit other crimes, a factual basis for the sentence is present and it is not necessary for the trial court to enumerate each factor under the article. State v. Perry, 457 So.2d 1261 (La.App. 1st Cir.1984).
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Gray, 461 So.2d 627 (La.App. 1st Cir.1984). A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. Gray, supra. A sentence may be excessive even though it falls within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the trial court has wide discretion in the imposition of sentences, and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir. 1984).
The trial court satisfied the criteria set forth in Code of Criminal Procedure article *1062 894.1. Furthermore, this sentence is not a needless and purposeless imposition of pain and suffering, nor is it grossly out of proportion to the severity of the offense. As a second felony offender, the defendant was exposed to a maximum sentence of twenty-four years at hard labor for this offense. Under the circumstances, we cannot say that this sentence of sixteen years at hard labor is excessive. Therefore, this assignment of error is without merit.
For the above assigned reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).