897 So.2d 731 (2004)
STATE of Louisiana
v.
Elton CROCHET, Jr.
Nos. 2004 KA 0628, 2004 KA 0629, 2004 KA 0630.
Court of Appeal of Louisiana, First Circuit.
December 17, 2004.
*732 Hon. Anthony G. Falterman, District Attorney, Jennifer Gautreaux, Donald D. Candell, Assistant District Attorneys, Donaldsonville, for State of Louisiana.
Frank Sloan, Mandeville, for Defendant-Appellant Elton Crochet, Jr.
Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
PETTIGREW, J.
Defendant, Elton Crochet, Jr., was initially charged by a bill of information with one count of molestation of a juvenile, a violation of La. R.S. 14:81.2 in district court docket number 00-49.[1] Defendant was subsequently indicted by a grand jury for five counts of aggravated incest of his son, C.C., a violation of La. R.S. 14:78.1, in district court docket number 00-185. Defendant was also indicted by a grand jury for the aggravated rape of his son, C.C., a violation of La. R.S. 14:42(A)(4), in district court docket number 00-186.
Defendant pled not guilty to all charges. Just prior to trial, the State moved to consolidate all of defendant's charges, which the trial court granted. The matter proceeded to trial by jury. For the charge of molestation of a juvenile, the jury returned a responsive verdict of indecent behavior with a juvenile, a violation of La. R.S. 14:81. The jury also found defendant guilty of two counts of aggravated incest and guilty of aggravated rape.
The trial court sentenced defendant to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence for his conviction of aggravated rape. For his convictions of aggravated incest, defendant was sentenced to fifteen years at hard labor on each count, with the sentences to be served concurrently. Defendant was sentenced to five years at hard labor for his conviction of indecent behavior with a juvenile. The trial court stated that the sentences for aggravated incest and indecent behavior with a juvenile were to run concurrent to each other, but consecutive to the life imprisonment term given for the aggravated rape conviction. Defendant appeals, citing three assignments of error. Because one of the assignments of error has merit, we *733 reverse defendant's convictions and sentences and remand for new trials.

FACTS
On November 8, 1999, Detective Lonnie Mabile of the Assumption Parish Sheriff's Office received a complaint that defendant had sexually abused his daughter, M.C. At the time of the complaint, M.C. was fifteen years old, but had just revealed to her mother, Gayle Barker, an incident that occurred around Easter 1994 at defendant's home in Labadieville, Louisiana. While M.C. was asleep on a sofa early one morning, defendant woke her up before he left for work. Defendant proceeded to tell M.C. how much he loved her, then got on top of her and rubbed his penis on her. At the time of the incident, M.C. was nine years old.
On August 10, 2000, Det. Mabile interviewed defendant's son, C.C., who was born in 1987, when defendant was married to Dale Crochet. Defendant and Dale Crochet divorced in 1996, following defendant's admission he had acted inappropriately towards Dale Crochet's daughter, A.C., who was born during a prior marriage.[2] C.C. stated that when he would visit defendant following his parent's divorce, defendant would touch his penis. These episodes began when C.C. was four or five years old and continued until C.C. was six or seven years old. C.C. explained that these incidents would occur while defendant bathed him and that defendant told C.C. not to tell anyone because he would hurt them. C.C. also described one incident where defendant coaxed him into a sugar cane field under the guise of showing him something only to fondle C.C. while in the field.
C.C. described another specific incident that occurred while he was visiting defendant at defendant's home in Labadieville. C.C. had just finished taking a bath when defendant made him stand against the rail on the side of the bathtub. C.C. described how defendant raped him. C.C. stated that he began to cry, but defendant told him to be quiet. C.C. testified that he never told anyone about any of these incidents because he did not think anything was wrong. It was only after viewing a sex education video while he was attending the sixth grade that C.C. understood what had happened to him. C.C. revealed to his mother what had happened to him, and she took him to the police. Although C.C. was unable to provide the police with any dates of the incidents, he remembered seeing caged animals in his father's yard during these incidents. Using this information, the police were able to establish that the offenses occurred between 1993 and 1995. At the time of trial, C.C. was fifteen years old.

OUT OF TIME APPEAL
In his first assignment of error, defendant argues the trial court erred in not granting his pro se request for an out of time appeal. On October 28, 2003, defense counsel filed a Motion to Withdraw as Counsel of Record that was not signed until December 2, 2003. On October 26, 2003, defendant sent a letter to the court requesting an out of time appeal. The letter was filed on November 4, 2003. The trial court refused to consider the pro se request for an out of time appeal on November 24, 2003, because defendant was represented by counsel at that time. On November 24, 2003, defense counsel also *734 filed a Motion for Appeal. The Motion for Appeal was granted on December 2, 2003.
Defendant makes no showing of how the trial court's failure to grant his pro se request for appeal has prejudiced any issue for review by this court. Rather, defendant was granted an appeal that is presently before this court asserting claims for review. This assignment of error is without merit.

CONSOLIDATION OF OFFENSES
In his second assignment of error, defendant argues the trial court erred in permitting the "joinder" of one bill of information with two indictments for trial. Defendant argues that his charges were not properly joined because the offenses are triable by different modes of trial.
In district court docket number 00-49, defendant was charged by bill of information with one count of molestation of a juvenile, a violation of La. R.S. 14:81.2. Under this charge, a sentence at hard labor is not mandatory, thus the offense is triable by a jury composed of six members. La. Const. art I, § 17(A), La.Code Crim. P. art. 782(A). In district court docket number 00-185, defendant was charged by indictment with five counts of aggravated incest, violations of La.R.S. 14:78.1. Under this charge, a sentence at hard labor is not mandatory, and the offense is triable by a jury composed of six members. La. Cost. art. I, § 17(A), La.Code Crim. P. art. 782(A). Defendant was also charged under district court docket number 00-186, with aggravated rape, a violation of La.R.S. 14:42(A)(4), which, at all pertinent times, carried a mandatory life sentence at hard labor.[3] The penalty provision of La. R.S. 14:42(A)(4) required that crime to be tried by a jury composed of twelve members, ten of whom must concur to render a verdict. La. Const. art. I, § 17, La.Code Crim. P. art 782(A).
The instant situation does not involve "joinder." Joinder involves one bill of information, with two or more separate counts. See La.Code Crim. P. arts. 490 and 493. Even if this case did involve joinder, we note that pursuant to La.Code Crim. P. art. 493.2, it would have been legal error to join the offenses. With regard to joinder of felonies, Article 493.2 provides as follows:
Notwithstanding the provisions of Article 493, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.
At sentencing, the trial court specifically held that defendant's three offenses were neither based on the same act or transaction nor constituted parts of a common scheme or plan. Rather, this situation involves consolidation; i.e., allowing two or more separate offenses (charged under separate bills of information/indictments) to be addressed in the same trial.
Louisiana Code of Criminal Procedure article 706 provides:

*735 Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment.
According to Article 706, consolidation of two or more offenses can only take place with the consent of the defendant (or all defendants, if there are more than one). In the present case, the State moved to consolidate all three bills of information/indictments immediately prior to trial. Defendant objected to the consolidation, but his objection was overruled.
The prohibition against misjoinder of offenses and improper consolidation of offenses for trial is grounded on the possible prejudice arising from a single trial on two or more offenses. The defects are not jurisdictional nor do they constitute a denial of due process. Hence, misjoinder of offenses may be waived by the failure to timely assert it by a motion to quash, and improper consolidation of offenses for trial may be waived by the failure to object. La.Code Crim. P. art. 495; State v. Mallett, 357 So.2d 1105, 1109 (La.1978), cert. denied, 439 U.S. 1074, 99 S.Ct. 848, 59 L.Ed.2d 41 (1979).
The State argues that every time these matters were before the court for pretrial issues, all offenses were addressed at the same time and, thus, the defendant knew that all offenses would be tried together. Although we respect the convenience factor of the trial court addressing pretrial matters involving the same defendant at the same time, the record indicated the defendant was not aware that all offenses would be tried in the same proceeding until the morning of trial.
Defendant's argument in brief is based on improper joinder, rather than improper consolidation. Nevertheless, we will consider his argument because the effect of an improper consolidation is the same as the effect of an improper joinder; i.e., unfair prejudice to defendant.
The same considerations used by the trial court in determining whether prejudice may result from joinder can also be used to determine whether prejudice results from consolidation. These considerations include: (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant could be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer criminal disposition; and (5) whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. See State v. Williams, 418 So.2d 562, 564 (La.1982).
In State v. Lewis, 489 So.2d 1055, 1059 (La.App. 1 Cir.), writ denied, 493 So.2d 1218 (La.1986), this court previously applied a harmless error approach to an improper consolidation issue. In Lewis, a defendant was charged by separate bills of information with the aggravated burglary of two separate residences. The two cases were consolidated for trial. Prior to trial, the court denied defendant's motion to sever. Applying the joinder considerations enunciated in Williams, this court determined that defendant was not prejudiced by the improper consolidation of the two offenses. The State's evidence in each case was simple, consisting of eyewitness testimony by each victim. The defendant in Lewis did not argue he was confounded in presenting his defenses or that the jury *736 was confused in any way. The Lewis jury was told by the trial court that it would have to return a verdict as to each of the two offenses. Moreover, this court determined that the return of a not guilty verdict in one of the bills suggested the jury was not confused by the consolidation and was able to compartmentalize the evidence as to each offense. Lewis, 489 So.2d at 1059.
In the present case, although the jury was given separate verdict sheets for each offense, we find the crimes charged and the other crimes evidence used by the State presented many opportunities for the jury to infer criminal disposition and resulted in unfair prejudice to defendant. All of the crimes involved allegations of sexual abuse by defendant towards his children. The State was allowed to introduce other crimes evidence indicating defendant had also sexually abused two of his stepchildren. Such a scenario created a danger of making the jury hostile and illustrates why consolidation is at the discretion of the defendant and not the State.

CONCLUSION
For the above and foregoing reasons, we find defendant's charges were improperly consolidated for trial, thus resulting in unfair prejudice to defendant. Accordingly, we reverse defendant's convictions and sentences and remand for new trials.
CONVICTIONS AND SENTENCES REVERSED; REMANDED FOR NEW TRIALS.
McDONALD, J. Dissenting.
While I agree with the majority on the issue of the out of time appeal, I must respectfully disagree on the issue of consolidation of offenses. Following the approach used in State v. Lewis, 489 So.2d 1055 (La.App. 1 Cir.) writ denied, 493 So.2d 1218 (La.1986). I find the improper consolidation of these offenses was harmless error. The state's evidence against the defendant in each case was straightforward and simple, consisting of eyewitness testimony by each victim. Defendant does not assert that he was confounded in presenting defenses to the different charges. Prior to deliberating, the trial court informed the jury that they had to return a separate verdict as to each offense. We note that the jury did not convict defendant of all counts of aggravated incest against C.C. (charged under district court docket number 00-185), thus I cannot say the jury was confused or that defendant was unfairly prejudiced by the improper consolidation of these charges.
I feel this assignment of error is without merit and I respectfully dissent.
McDONALD, J., dissents and assigns reasons.
NOTES
[1] The victim of this offense was defendant's daughter, M.C.
[2] Defendant pled guilty to indecent behavior with a juvenile as a result of his actions involving A.C., but did not serve jail time. The conviction involving A.C. is not at issue in this matter.
[3] Pursuant to 1995 La. Acts 397, § 1, La. R.S. 14:42(A)(4) was amended to provide for the death penalty in cases of aggravated rape where the victim is under the age of twelve. The effective date of the amendment was August 15, 1995. We note that the indictment in the instant case indicates the aggravated rape occurred between January 1, 1993 and December 31, 1995; however, the State did not seek the death penalty.