931 So.2d 1083 (2006)
STATE of Louisiana
v.
Elton CROCHET, Jr.
No. 2005-K-0123.
Supreme Court of Louisiana.
June 23, 2006.
Charles C. Foti, Jr., Attorney General, Anthony G. Falterman, District Attorney, Donald D. Candell, Jennifer B. Gautreau, Assistant District Attorneys, for Applicant.
*1084 Louisiana Appellate Project, Frank Sloan, for Respondent.
PER CURIAM.[1]
Following revelation by M.C., defendant's biological daughter, that her father had sexually abused her several years before by pulling up her shirt, pulling down her pants, touching her vagina and rubbing his exposed penis over her, the state charged defendant by bill of information filed in March 2000, with one count of molestation of a juvenile in violation of La. R.S. 14:81.2. Less than a year later, C.C., defendant's biological son by another wife, revealed to the authorities in Assumption Parish that defendant had sexually abused him on several occasions by touching his penis and had, on one occasion, after the boy finished a bath, "put his penis in my butt." The state thereafter secured from a grand jury convened in December 2000, an indictment charging defendant with one count of aggravated rape, La. R.S. 14:42(A)(4), and a separate indictment charging him with five counts of aggravated incest in violation of La. R.S. 14:78.1.
The state subsequently filed notices in all three cases that it would introduce in each of the pending prosecutions evidence of the defendant's other crimes charged against him involving M.C. and C.C., and would, in addition, introduce evidence that defendant had sexually abused two stepdaughters over the course of 10 years and two marriages by touching the girls inappropriately, rubbing himself on them, and, on one occasion, using the child's hand to masturbate. After conducting a hearing on the state's motions, the trial court ruled all of the evidence admissible and subsequently set all three cases for trial.
On the morning of trial, the state amended the grand jury indictment alleging the five counts of aggravated incest to clarify that it had charged defendant under La. R.S. 14:78.1(B)(2), which prohibits any "lewd fondling or touching" of the offender's child "with the intent to arose or to satisfy the sexual desires of either the child or the offender, or both." The state also moved "as a matter of housekeeping" to consolidate all three of the prosecutions for trial. Although defense counsel acknowledged that all pretrial proceedings, most importantly the hearing on the state's notices of its intent to introduce other crimes evidence, had been conducted simultaneously in all three cases, he opposed the state's motion on grounds that no provision in the Code of Criminal Procedure authorized the state to consolidate the cases over a defendant's objection and that the consolidation would be "highly prejudicial" to his client. The trial court overruled the objections and allowed the state to proceed in all three cases.
In the ensuing trial, a 12-person jury found defendant guilty as charged of aggravated rape of C.C., guilty as charged on two of the five counts of aggravated incest involving C.C., and guilty of indecent behavior with a juvenile on the count charging molestation of M.C. The trial court subsequently sentenced defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for aggravated rape, two concurrent terms of 15 years imprisonment at hard labor for aggravated incest, and to five years imprisonment at hard labor for indecent behavior with a juvenile. The trial court ordered that the sentences for aggravated incest and indecent behavior with a juvenile would run concurrently, but *1085 consecutively to the life imprisonment term imposed on the aggravated rape conviction.
On appeal, the First Circuit reversed defendant's convictions and sentences on grounds that joint trial of three charges involving sexual abuse by defendant towards his children, and evidence of his similar misconduct regarding two of his stepchildren, "presented many opportunities for the jury to infer criminal disposition and resulted in unfair prejudice to defendant.... Such a scenario created a danger of making the jury hostile and illustrates why consolidation is at the discretion of the defendant and not the State." State v. Crochet, 04-0628, p. 7 (La.App. 1st Cir.12/17/04), 897 So.2d 731, 736 (McDonald, J., dissenting). Dissenting, Judge McDonald argued that the consolidation constituted harmless error because the record gave no indication that "the jury was confused or that defendant was unfairly prejudiced by the improper consolidation of these charges." Crochet, 04-0628 at 1, 897 So.2d 731 (McDonald, J., dissenting). We granted the state's application to review the correctness of the decision below and now reverse the result reached by the majority on the First Circuit panel.
Consolidation of two or more criminal cases is governed by La.C.Cr.P. art. 706, which provides that "[u]pon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment." The provision has remained unchanged since the legislature added it to the Code of Criminal Procedure in the comprehensive 1966 revision, see 1966 La. Acts 310, although the legislature has since then considerably expanded the rules governing joinder of two or more criminal offenses in a single proceedings.[2] The statute permits a defendant *1086 to intrude on the otherwise plenary discretion of the state to determine "whom, when, and how" to prosecute, La. C.Cr.P. art. 61, by moving the trial court to consolidate crimes the state has chosen to prosecute in separate cases. However, given Louisiana's present broad joinder rules, La.C.Cr.P. art. 706 does not confer on a defendant a statutory right to hold the state to its initial charging decision that he alone may waive by moving for consolidation of the charges. Assuming that the crimes are otherwise properly joined in a single prosecution as a matter of La.C.Cr.P. art. 493 or 493.2, the state may effect consolidation without the approval of the defendant or the court by filing a superceding indictment. See La. C.Cr.P. art. 706, Off'l Cmt.1966 ("[T]he state can accomplish the same result by dismissing all charges and recharging in a consolidated form."). The state may also achieve the same end by exercising its authority under La.C.Cr.P. art. 487 to make substantive amendments to an indictment at any time before the beginning of trial, subject to the defendant's right under La.C.Cr.P. art. 489 to move for a continuance if the amendment has led to his prejudice. See State v. Lovett, 359 So.2d 163, 166 (La.1978) ("[T]he original indictment by the grand jury charging defendant with four counts of conspiracy was amended by the state prior to trial to add thereto the three counts of the completed offense previously charged in the second grand jury indictment. The amendment was one of substance which the state was empowered to make prior to the commencement of trial."); State v. Bluain, 315 So.2d 749, 752 (1975) (amendment adding count to indictment); State v. Mills, 04-0489 (La.App. 5th Cir.3/29/05), 900 So.2d 953, 956-56 (amendment adding several counts to indictment); see also State v. Lathers, 00-3195 (La.11/22/00), 774 So.2d 984, 985 (writ grant note) ("The trial court did not abuse its discretion to allow the amendment to the indictment.").
In the present case, the state's "housekeeping" immediately before trial did not involve formal consolidation of the cases through the filing of a superceding indictment or amendment of the original indictments. However, for purposes of appellate review, whether the claim involves misjoinder of offenses, prejudicial joinder, or improper consolidation, the defendant must show prejudice to establish that trial of two or more crimes in a single proceeding "affect[ed] his substantial rights." La.C.Cr.P. art. 920; see State v. Strickland, 94-0025, p. 13 (La.11/1/96), 683 So.2d 218, 226 (although prior jurisprudence of the Court distinguished between misjoinder and prejudicial joinder to determine whether defendant's proper remedy at the trial court level was a motion to quash or motion to sever, at the appellate level "the distinction becomes blurred since the basis for the prohibition against both misjoinder and prejudicial joinder is, essentially, prejudice to the defendant.... Thus, errors of both types may be reviewed to determine whether the substantial rights of the defendant were prejudiced.") (citing State v. Mallett, 357 So.2d 1105, 1109 (La.1978)) ("The prohibition against misjoinder of offenses and improper consolidation of offenses for trial is grounded on the possible prejudice arising *1087 from a single trial on two or more offenses.").
We therefore agree with the court of appeal's observation in the present case that "[t]he same considerations used by the trial court in determining whether prejudice may result from joinder can also be used to determine whether prejudice results from consolidation." Crochet, 04-0628 at 6, 897 So.2d at 735. Those considerations include "whether the jury would be confused by the various charges; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile." State v. Washington, 386 So.2d 1368, 1371 (La.1980).
However, consideration of those factors leads to the conclusion in the present case, as Judge McDonald found in his dissent, that the defendant was not prejudiced by the consolidation. The facts of each incident were simple and easily distinguishable from each other. In their opening statements, the state and the defense referred to the charges as separate offenses and stressed to the jurors the importance of considering the charges independently. The evidence against defendant, which consisted of the victims' testimony, was not complex and was presented in an orderly fashion, allowing the jury to segregate the charges and the evidence. Nor was the defense stymied by the consolidation of the offenses. In fact, defense counsel indicated before trial that he could conclude his defense in one day. Although the state consolidated the cases immediately before jury selection began, defense counsel did not move for a continuance on grounds that he was unprepared to defend one or more of the cases, and his subsequent representation of defendant at trial indicated that he was fully prepared to answer the allegations in all three cases.
Moreover, consolidation of the cases did not expose the jury to evidence that was admissible as to one or more of the counts but inadmissible as to other counts. Evidence of defendant's sexual abuse of his biological and stepchildren was, as the trial court determined, admissible to show his "lustful disposition toward children." La.C.E. art. 412.2 (2001 La. Acts 1130). Wholly apart from the provisions of La.C.E. 412.2, cf. State v. Morgan, 02-3196, p. 2, n. 2 (La.1/24/04), 863 So.2d 520, 521 (retroactive application of art. 412.2 "in a case in which the defendant committed the charged sexual offense before the effective date of the statute remains an open question"), because defendant's crimes against his biological son C.C. involved the same victim, the evidence was admissible in its entirety in the rape and aggravated incest prosecutions to show his lustful disposition towards his son. See State v. Kennedy, 00-1554, pp. 6-7 (La.4/3/01), 803 So.2d 916, 921 (discussing rule of State v. Acliese, 403 So.2d 665 (La.1981) that "evidence of prior sex crimes against the prosecuting victim is admissible under an exception to the general rule excluding evidence of other crimes similar to the charged offense"). More generally, evidence that defendant sexually abused in one way or another four children in the course of two marriages demonstrated his plan or scheme to exploit the children in his home for his own sexual gratification and, with respect to the charges of aggravated incest and molestation of a juvenile, that he performed the acts, both charged and uncharged, with the intent to arouse or gratify his sexual desire. See State v. Jackson, *1088 625 So.2d 146, 150-51 (La.1993). The trial court gave careful attention to limiting the prejudice to defendant by charging the jury as to the limited use of the other crimes evidence involving the stepdaughters after each witness testified and repeated those instructions in its general charge to the jury at the close of the case. While the court did not, at the request of defense counsel, expressly instruct jurors that they could not consider the elements of one offense in determining their verdict as to any of the other crimes charged, the court discussed the elements of the charged offenses and their responsive verdicts in the context of addressing the separate verdict forms the court would provide jurors on each count to record their verdicts.
Finally, the jury's verdicts reveal its ability to compartmentalize the offenses, as defendant was found guilty of only two of the five counts of aggravated incest. The jury also rejected the charge of molestation with regard to defendant's daughter and returned the lesser verdict of indecent behavior with a juvenile. Under these circumstances, consolidation of the offenses with which defendant was charged does not appear to have unfairly prejudiced the defendant by creating a substantial risk of luring jurors into deciding each case on the basis of the defendant's criminal disposition as opposed to evidence specific to each crime charged. Cf. Old Chief v. United States, 519 U.S. 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997) ("The term `unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.") (citation omitted).[3]
*1089 Accordingly, we reverse the decision below, reinstate defendant's convictions and sentences, and remand this case to the court of appeal for consideration of the defendant's remaining assignment of error regarding the responsive verdicts provided the jury by the trial court for the offense of aggravated rape.
JUDGMENT OF THE COURT OF APPEAL REVERSED; CASE REMANDED TO THE COURT OF APPEAL.
NOTES
[1] Retired Judge Philip C. Ciaccio assigned as justice pro tempore sitting for Associate Justice Catherine D. Kimball.
[2] At one time in Louisiana, the state was required to join in a single indictment crimes committed in a single act or continuous transactions. See 1928 C.Cr.P. art. 218 ("When two or more crimes result from a single act, or from one continuous unlawful transaction, only one indictment will lie ...."). The legislature repealed art. 218, see 1932 La. Acts 153, following this Court's decision in State v. Roberts, 170 La. 727, 129 So. 144 (1930), which barred a successive prosecution for the second of two murders committed during a single armed robbery because the state had not joined the two crimes in one indictment. Thereafter, joinder was controlled and severely restricted by 1928 La.C.Cr.P. art. 217, which stated generally that "[e]xcept as otherwise provided under this title, no indictment shall charge more than one crime, but the same crime may be charged in different ways in several counts." Following the repeal of art. 218, this Court took for granted that the legislature had virtually eliminated joinder of two or more crimes in a single proceeding even if they occurred during the same transaction. See State v. Cannon, 185 La. 395, 169 So. 446, 447 (1936) ("[T]he killing of each [victim at the same time and place] was a separate homicide, a separate crime, and since the repeal of article 218 ... it was necessary that two separate indictments be returned if the state intended to prosecute this defendant for each homicide."); see also State v. Carter, 206 La. 181, 19 So.2d 41, 44 (1944); Ralph Slovenko, The Accusation in Louisiana Criminal Law, 32 Tul.L.Rev. 47, 76-81 (1957). The legislature then incorporated art. 217 unchanged in La.C.Cr.P. art. 493 as part of the 1966 revision of the Code of Criminal Procedure. As a general matter, joinder (and consolidation under La.C.Cr.P. art. 706) was thereby limited to the crimes of theft and receiving stolen things. See La.C.Cr.P. art. 481; 482.

However, in 1975 La. Acts 528, the legislature amended La.C.Cr.P. art. 493 to provide that "[t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial." In 1997 La. Acts 559, the legislature then added La.C.Cr.P. art. 493.2 to govern joinder of two or more offenses ordinarily triable by different modes of trial (i.e., 12-person or six-person juries). As presently constituted, and in a departure from past practice, Louisiana law facilitates the joinder or consolidation of cases for trial.
[3] However, because the state chose to consolidate the cases as opposed to joining them in a single indictment, an error occurred with respect to the jury's guilty verdicts on two counts of aggravated incest and one count of indecent behavior with a juvenile. The court tried this case as if the state had filed a superceding indictment or amended the existing indictments to join all of the charges against the defendant under the provisions of La.C.Cr.P. art. 493.2, which permits joinder of offenses ordinarily triable by different modes of trial (and hence not subject to the joinder as a matter of La.C.Cr.P. art. 493), i.e. offenses necessarily punishable at hard labor and crimes punishable with or without hard labor, in a single proceeding before a jury of 12 persons, 10 of whom must concur to render a verdict. Thus, following consolidation of the three cases, the state and defense chose a 12-person jury and the court instructed jurors at the close of the evidence that at least 10 members of the panel had to concur to render a verdict on each count charged against the defendant.

However, if tried alone, the charge of aggravated rape, an offense necessarily punishable at hard labor, required a 12-member non-unanimous jury, but the offenses of molestation of a juvenile and aggravated incest, both punishable with or without hard labor, required unanimous six-person juries. La. Const. art. I, § 17; La.C.Cr.P. art. 782. Consolidation of the cases, as opposed to joinder of them in a single indictment, did not change these required modes of trial. See State v. Hornung, 620 So.2d 816 (La.1993) (consolidation of several misdemeanors, as opposed to joinder of the offenses under La.C.Cr.P. art. 493.1, did not deprive defendant of the right to a jury trial based on cumulation of penalties).
Under this Court's prior jurisprudence, and without regard to the question of whether defendant was actually prejudiced by trial before a jury twice the size of what the law required, the error in jury size with respect to the charges of aggravated incest and molestation of a juvenile would have required reversal of defendant's convictions and sentences on those counts. State v. Nedds, 364 So.2d 588, 589 (La.1978) ("As both the Constitution and statute require a six-person jury to try a case which is punishable with or without hard labor, trying the defendant with a twelve-person jury was fatal error."); see also State v. Marcantel, 388 So.2d 383 (La.1980) (same); State v. Smith, 367 So.2d 857 (La. 1979) (same).
However, this Court no longer considers this error a non-waivable jurisdictional defect in the proceedings when the jury has returned a unanimous verdict. See State v. Jones, 05-0226 (La.2/22/06), 922 So.2d 508. Accordingly, in the present case, in the absence of a timely objection or a showing of prejudice, the error does not require reversal of defendant's convictions for aggravated incest and indecent behavior with a juvenile (on the count charging molestation of a juvenile) because the record indicates that the jury returned unanimous verdicts as to those offenses.