NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**06-1249**

STATE OF LOUISIANA

VERSUS

M. R. U.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 39,821
HONORABLE MARILYN CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Richard J. Putnam, III
Assistant District Attorney
Fifteenth Judicial District Court
P.O. Box 175
Abbeville, LA 70511
(337) 898-4320
Counsel for Appellee:
        State of Louisiana**

**Peggy J. Sullivan
Louisiana Appellate Project
P. O. Box 2775
Monroe, LA 71207-2775
(318) 387-6124
Counsel for Defendant/Appellant:
        M.R.U.**

**DECUIR, Judge.**

The Vermillion Parish grand jury indicted Defendant for five counts of aggravated incest, in violation of La.R.S. 14:78.1, for acts occurring in 1992 through 1998, and for eleven counts of molestation of a juvenile, in violation of La.R.S. 14:81.2, for acts occurring in 1987 through 1993. Pursuant to a plea agreement Defendant entered a "best interest" *nolo contendre* plea to one count of aggravated incest, reserving the right to appeal pretrial rulings. In response, the prosecution dropped the remaining charges and recommended a twenty-year sentence with all but four years suspended. The trial court sentenced Defendant in conformity with his plea agreement and specified that, upon release, Defendant would be placed on five years of active supervised probation, which will run consecutively to the five years of active supervised probation ordered under a different docket number. Defendant now appeals.

## DENIAL OF MOTION TO SEVER

Defendant argues that the trial court erred in denying his motion to sever charges from the indictment because the cumulation of charges greatly increased the danger of confusing the issues for the jury. Defendant asserts that the jury would have been unfairly prejudiced by the number of charged offenses and most likely would have inferred a criminal disposition. Defendant complains that because of the highly emotional nature of the charges together with the number of offenses charged, the jury would have struggled both to abstain from inferring that Defendant had a criminal disposition and to keep from becoming hostile toward Defendant. Defendant maintains that the denial of the motion to sever greatly affected his substantial rights.

Defendant filed a motion to quash that alleged in part that the offenses had not been properly joined as they were not based on the same act or transaction and did not constitute parts of a common plan or scheme. Defendant sought to have charges one

through five tried in one trial, charges six through thirteen tried in a second trial, charges fourteen and fifteen tried in a third trial, and charge sixteen tried in a fourth trial.

The motion to quash further stated that even if connected, charging sixteen offenses of that type and nature together created a high probability of prejudicing Defendant. In the motion, Defendant alleged that he would be denied effective assistance of counsel and that his defense would be confounded by being made to defend each count. He argued that the jury would be confused by the overlapping nature of counts one through five and counts six through thirteen, that the jury would not be able to segregate the separate offenses, that the number of offenses would cause the jury to infer that Defendant had a criminal disposition, that the nature of the charges against Defendant would make the jury hostile toward him, and that the hostility would prevent the jury from acquitting Defendant of all charges. At the hearing on Defendant's pre-trial motions, the trial court addressed Defendant's motion to sever by asking the attorneys to argue whether the other offenses would be admissible under La.Code Evid. art. 412.2. The trial court explained that it would not be able to find the joinder to be prejudicial if the evidence of all of the crimes on the indictment would be admissible under Article 412.2 in the trials for any charges severed from the original indictment.

The charges on the indictment originally had three different victims: Defendant's son, Defendant's daughter, and a third person. The State voluntarily dismissed one charge, either count fourteen or count fifteen, concerning Defendant's son. Because the molestation alleged against Defendant pertaining to his son was not performed on his son, but in his son's presence, the trial court severed the remaining charge concerning Defendant's son from the rest of the charges. The trial court stated

2

that, because the offense was not committed in the same mode as the others, its inclusion would have been too prejudicial to Defendant.

The trial court next found that counts one through thirteen were properly joined as they all had the same victim and the same mode of operation. The trial court also refused to sever the single charge concerning the third victim as both the mode of operation and the time frame were the same as charges one through thirteen. After the trial court's ruling, there were fourteen charges left on the indictment. Because the two charges concerning Defendant's son were counts fourteen and fifteen, the court re-labeled count sixteen as count fourteen so that the jury would not wonder what happened to the two missing charges.

The standard for reviewing motions to sever is abuse of discretion, "and the court's ruling should not be disturbed on appeal absent a showing of an abuse of discretion." *State v. Deruise*, 98-0541, p. 7 (La. 4/3/01), 802 So.2d 1224, 1232, *cert. denied*, 534 U.S. 926, 122 S.Ct. 283 (2001). "The defendant has a heavy burden of proof when he alleges prejudicial joinder. For an appellate court to reverse the trial court's ruling, there must be a clear showing of prejudice." *State v. Machon*, 410 So.2d 1065, 1068 (La.1982).

Under La.Code Crim.P. art. 493, multiple offenses may be joined in the same charging instrument if they are triable by the same mode of trial and "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." However, "[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires." La.Code Crim.P. art. 495.1.

3

When ruling on a motion to sever, the trial court must determine whether the possibility of prejudice outweighs the economical and expedient use of judicial resources. *Deruise*, 802 So.2d at 1224.

> In determining whether joinder will be prejudicial, the court should consider the following: (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant would be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.

*Id*. at 1232.

Defendant cites *State v. Crochet*, 05-0123 (La. 6/23/06), 931 So.2d 1083, in support of his claim. In *Crochet*, the supreme court, reversing the appellate court, determined that consolidation of charges for molestation of a juvenile, five counts of aggravated incest, and aggravated rape did not prejudice the defendant. The supreme court reviewed the trial court's decision by examining the statements made and the evidence presented at trial. *Id*. Because there was no trial in Defendant's case, this court is not able to examine Defendant's trial proceedings for evidence of prejudice.

The supreme court next found that the consolidation of the charges did not negatively impact Crochet because all of the evidence presented in prosecuting each offense was admissible at trial on all the charges under Article 412.2. *Id*. Thus, no evidence was admitted in the prosecution of one charge that would have been prohibited in the prosecution of the other offenses. *Id*. In the instant case, the trial court made a similar finding; the district court found that the remaining fourteen charges were properly joined, in part, because the evidence of each would be admissible at the trial of the others under Article 412.2. Defendant does not challenge that finding, so there is no prejudice created by the admission of evidence in the

4

prosecution of one crime that would have not been otherwise admissible in the prosecution of the other offenses.

Finally, the supreme court mentioned that the jury had demonstrated that it did not convict Crochet based on a conclusion that he had a criminal disposition and that it obviously compartmentalized the different charges because it found Crochet to be not guilty on some of the charges and it convicted him of a lesser included offense on one of the charges. *Id.* at 1088. Again, there is no verdict for this court to review in the current case. Thus, based on the information actually reviewable by this court under the *Crochet* analysis, Defendant was not prejudiced by the joinder of the offenses.

Defendant does not include any factual or legal arguments supporting his declaration that the cumulation of charges would have confused the issues for the jury. Defendant limits the support of his remaining assertions to conclusory statements regarding "the highly emotional nature of the charges" and to declarations about the number of the offenses charged. Defendant does not discuss the facts of any of the charges or explain how those facts or the number of charges would make any potential juror hostile toward him. Accordingly, we find that the Defendant failed to meet his burden of proving that the trial court abused its discretion when it found that the remaining fourteen charges were properly joined.

This assignment of error is without merit.

### OTHER CRIMES EVIDENCE

Defendant contends that the trial court erred in ruling other crimes evidence admissible because the probative value of that evidence was substantially outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading of the jury. He asserts that the admission of evidence showing that Defendant had also molested

5

the family's babysitter would have caused the jury to infer that he had a criminal disposition. Although the State also gave notice of its intent to introduce additional other crimes evidence, Defendant restricts his complaints to the admission of the Article 412.2 evidence.

In April, the prosecution filed a notice of its intent to introduce evidence of similar crimes, wrongs, or acts at Defendant's trial under Article 412.2. The motion stated that the evidence of previous crimes involving sexually assaultive behavior and acts showing Defendant had a lustful disposition toward children would be introduced for any relevant purpose. The evidence sought to be introduced at trial was testimony showing that, at sometime during the period from 1987 to 1989, Defendant had committed a sexual offense upon a fourteen-year-old babysitter while she tended his children.

After the State gave notice of its intention to use Article 412.2 evidence at trial, the trial court heard arguments concerning the admissibility of the testimony of the fourth victim who had never pressed charges against Defendant. The State explained that the alleged offense had the same mode of operation as the fourteen remaining counts and that it had occurred in the same time frame as those charged offenses.

Defense counsel argued that the Article 412.2 evidence should not be admitted because the highly emotional nature of the testimony could cause the jury to convict Defendant of the crimes for the wrong reasons. The defense stated that the jury would need a limiting instruction for the Article 412.2 evidence. In response, the trial court stated that the limiting instruction issued to the jury would be that the purpose of the Article 412.2 evidence is to demonstrate that Defendant had a lustful disposition toward children.

6

Defendant's attorney replied that he still worried that the jury would misuse the evidence. Moreover, because there were already two victims in the case, the probative value of the Article 412.2 evidence is limited, thereby creating a great risk of undue prejudice. Additionally, the La.Code Evid. art. 404(B) evidence and the Article 412.2 evidence are both highly inflammatory; and together, they would void the presumption of innocence and keep the jury from giving Defendant the benefit of reasonable doubt. Defendant maintained that he would not have a chance of acquittal once that information was introduced at trial. The prosecution answered that the probative value of the Article 412.2 evidence far outweighed any prejudice to Defendant.

Ultimately, the trial court concluded that the Article 412.2 evidence should be admitted. In reaching its decision, the trial court considered the legislative history of Article 412.2 and balanced the probative value of the evidence against any prejudice to Defendant. The district court recognized that child victims are not always the best witnesses as they have difficulty recalling details of the crime, which makes any evidence used to establish pattern behavior highly probative to the jury. The trial court concluded that the Article 412.2 evidence in the current case was exactly the type of information the legislature intended to admit under Article 412.2 as the similar crime evidence the State sought to admit both had the same mode of operation and occurred during the same time frame as the charged crimes. Defendant objected to the ruling.

"Generally, a trial court's ruling on the admissibility of evidence of other crimes will not be overturned absent an abuse of discretion." *State v. Humphries*, 40,810, p. 9 (La.App. 2 Cir. 4/12/06), 927 So.2d 650, 656 (citing *State v. Scales*, 93-2003 (La. 5/22/95), 655 So.2d 1326, *cert. denied*, 516 U.S. 1050, 116 S.Ct. 716

7

(1996); *State v. Blackwell*, 30,281 (La.App. 2 Cir. 11/10/97), 701 So.2d 1389, *writ denied*, 97-3073 (La. 2/13/98), 709 So.2d 755).

In pertinent part, Article 412.2 states:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."  La.Code Evid. art. 403.

The fifth and second circuits have upheld the introduction of Article 412.2 evidence when that evidence shared a similar pattern of behavior with the crime charged. *State v. Patterson*, 05-560 (La.App. 5 Cir. 1/31/06), 922 So.2d 1195; *State v. Burd*, 40,489 (La.App. 2 Cir. 1/27/06), 921 So.2d 219; *writ denied*, 86-1083 (La. 11/9/06), 941 So.2d 35, *State v. Mutz*, 04-1072 (La.App. 5 Cir. 2/15/05), 896 So.2d 1129; *State v. Olivieri*, 03-563 (La.App. 5 Cir. 10/28/03), 860 So.2d 207.  As in the second and fifth circuit cases, the trial court analyzed the Article 412.2 evidence the State sought to introduce and found that it was an offense fitting the same pattern of events as the charged offenses.  Thus, we find that the trial court did not abuse its discretion in finding that the probative value of the evidence outweighed any prejudice to Defendant.

This assignment of error is without merit.

8

## DECREE

The Defendant's conviction is affirmed.

## AFFIRMED.

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.

9